# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 2021-cr-28-PP<br>USM Number: 19581-035 |
| Ashton L. Howard | |
| | <u>Aneeq Ahmad</u>     <u>John Scully</u><br>Defendant's Attorney    Assistant United States Attorney |

THE DEFENDANT pled guilty to Count One of the superseding indictment. The court adjudicates him guilty of this offense:

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. §231(a)(3) | Obstructing law enforcement during a civil disorder | 8/23/2020 | 1 |

The court sentences the defendant as provided in this judgment. The court imposes the sentence under the Sentencing Reform Act of 1984.

All remaining counts are dismissed upon motion of the United States.

The court ORDERS that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: January 5, 2023

_____

Hon. Pamela Pepper, United States District Court

Date Judgment Entered: January 18, 2023

DEFENDANT: Ashton L. Howard
CASE NUMBER: 2021-cr-28-PP

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **sixty (60) months.**

☒ The court makes the following recommendations to the Bureau of Prisons:
**The defendant be placed in a facility as close to the Western District of Louisiana as possible.**
**The defendant be placed in a facility which provides the Residential Drug Abuse Program.**
**The Bureau of Prisons give the defendant credit for any time served in federal custody prior to the date of sentencing.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

_____
United States Marshal

_____
By: Deputy United States Marshal

DEFENDANT:  Ashton L. Howard
CASE NUMBER:  2021-cr-28-PP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as reasonably directed by the Court or probation officer.  The defendant shall not commit another federal, state or local crime.  The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☒ The defendant shall not own, possess, or have under the defendant's control a firearm, ammunition, explosive device or dangerous weapon.
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.
- ☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### CONDITIONS OF SUPERVISION

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must not illegally possess any controlled substance. The defendant must refrain from any unlawful use of controlled substance;
3. Unless directed otherwise by the probation officer, the defendant must report to the probation office in the federal judicial district where the defendant resides within 72 hours of release from imprisonment;
4. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed;
5. The defendant must not own, possess, or have under the defendant's control a firearm, ammunition, destructive device, or dangerous weapon;
6. The defendant must not knowingly leave the federal judicial district without first getting permission from the court or the probation officer;
7. The defendant must follow the instructions of the probation officer designed to make sure the defendant complies with the conditions of supervision;
8. The defendant must answer truthfully the questions asked by the probation officer related to the conditions of supervision subject to his Fifth Amendment right against self-incrimination;
9. The defendant must work full-time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time

employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where he works or anything about his work (such as position or job responsibilities), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change;

10. The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change;
11. If the defendant knows someone is committing a crime, or is planning to commit a crime, the defendant must not knowingly communicate or interact with the person in any way;
12. The defendant must allow the probation officer to visit the defendant at reasonable times, at home or other reasonable locations, and the defendant must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view;
13. If the defendant is arrested or questioned by law enforcement officer, the defendant must tell the probation officer within 72 hours;
14. The defendant must not make any agreement with a law enforcement agency to as an informer or a special agent without first getting the permission of the court;
15. The defendant must participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by his probation officer, until such time as he is released from such program. The defendant must pay the cost of this program under the guidance and the supervision of his supervising probation officer. The defendant must refrain from the use of all alcoholic beverages throughout the supervised release term;
16. The defendant must participate in a mental health treatment program and must take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation(s) and counseling as approved by his supervising probation officer. The defendant must pay the cost of such treatment under the guidance and supervision of his supervising probation officer;
17. The defendant must pay the restitution at a rate of not less than $25.00 per month. Interest on the restitution is waived. The defendant also must apply 100 percent of any annual federal and/or state tax refund(s) toward payment of restitution. The defendant must not change exemptions claimed for either federal or state income tax purposes without prior notice to his supervising probation officer;
18. The defendant must provide access to all financial information requested by his supervising probation officer including, but not limited to, copies of federal and state income tax returns. All tax returns must be filed in a timely manner. The defendant must also submit monthly financial reports to his supervising probation officer; and,
19. The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500.00 without the approval of his supervising probation officer until all financial obligations imposed by this court have been satisfied in full.

DEFENDANT: Ashton L. Howard
CASE NUMBER: 2021-cr-28-PP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$100.00** | **$Waived** | **$29,772.83** |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| PAYEE | AMOUNT |
|---|---|
| CVMIC<br>Claim #WC073247<br>9898 W. Bluemound Road<br>Wauwatosa, WI 53226-4319 | $29,772.83 |
|  |  |
|  |  |
|  |  |
| **TOTAL:** | **$29,772.83** |

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.
☐ Restitution amount ordered pursuant to plea agreement: $_____.
☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Ashton L. Howard
CASE NUMBER: 2021-cr-28-PP

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    The defendant's obligation to pay the $100 special assessment and the $29,772.83 restitution balance begins immediately.

    After his release from custody, the defendant must make payments toward the remaining balance of the special assessment and restitution obligations of no less than $25 per month, until paid in full, to start thirty days after he is released from custody.

    The defendant must make all criminal monetary penalty payments, except any payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, to the clerk of court.

    The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    Payments shall be applied in the following order: (1) special assessment, (2) restitution principal and (3) costs (if any, including the costs of prosecution).